

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 8, 1960

The Honorable H. H. Wellborn
County Attorney
Rusk County
Henderson, Texas

Opinion No. WW-856

Re: Questions concerning
the collection of court
costs in proceedings
under the Texas Probate
Code, in which a person
is found to be of unsound
mind or to be an habitual

Dear Mr. Wellborn: drunkard.

You have requested an opinion concerning certain questions arising under Section 247 of the Texas Probate Code, which provides for the payment of costs in proceedings in which a person is determined to be of unsound mind or to be an habitual drunkard. Section 247 is as follows:

"When any person is found to be of
unsound mind or to be an habitual drunkard,
the cost of the proceeding shall be paid out
of his estate, or, if his estate be insuf-
ficient to pay the same, such costs shall be
paid out of the county treasury, and the judg-
ment of the court shall be accordingly. Acts
1955, 54th Leg., p. 88, ch. 55."

As we interpret your request, the following questions are raised:

1. Does Section 247 contemplate that before
the costs of the proceeding are collected
the court shall first determine whether
the person declared to be of unsound mind
or an habitual drunkard has an estate suf-
ficient to pay such costs?

2. If it is not necessary under the statute
for the court to make such a determination
before the costs are collected, then

(a)  If it appears that the estate of the person who is the subject of the proceedings is not sufficient to pay the costs of the proceedings, is the county clerk to collect the costs from the county treasurer before issuing process?

(b)  If the county treasurer should pay the costs from the county treasury and it should later be determined by the Court that the estate is sufficient to pay such costs, should the treasurer seek reimbursement, and, if so, what would be the proper procedure for obtaining such reimbursement?

3.  Whose duty is it to collect costs from an estate which has been sufficient to pay the costs of the proceedings?

In answer to Question 1 above, it is our opinion that Section 247 contemplates that collection of court costs shall proceed only after the court has determined whether the estate is sufficient to pay the costs of the proceedings.  In this connection it should be noted first that Section 247 is applicable only in a case where a person "is found to be of unsound mind or to be an habitual drunkard"; thus, the mere institution of proceedings in which a person is alleged to be of unsound mind or to be an habitual drunkard is not sufficient to bring Section 247 into operation.  It is required rather that the court have made a finding that the subject of the proceedings is of unsound mind or is an habitual drunkard.

Section 247 does not require that such judgment expressly reflect that a determination as to the insufficiency of the estate to pay the costs has been made.  It does, however, require that the judgment assess the costs on the basis of the estate's actual sufficiency or insufficiency, which in turn would make it necessary that the court arrive at a conclusion as to the condition of the estate before entering judgment.

Inasmuch as the statute is not applicable until a person has been judicially found to be of unsound mind

or an habitual drunkard, Questions 2 (a) and 2 (b) above, regarding collection of costs before issuing process or before a determination by the court as to the sufficiency of the estate to pay the costs, do not arise.

Turning now to Question 3 above, it is our opinion that the collection of costs in a proceeding to which Section 247 is applicable, and in which the estate is sufficient to pay the costs, is to be carried out in the same manner as the collection of costs in other proceedings in the county court. Thus it is the duty of the clerk to tax the costs and if necessary to issue execution to collect them. Rule 622, Rules of Civil Procedure; see 11-A Tex. Jur. "Costs," § 59.

## SUMMARY

(1)  It is the intention of Section 247 of the Texas Probate Code that before the costs of a proceeding to determine whether a person is of unsound mind or is an habitual drunkard are collected, the Court shall have determined whether such person has an estate sufficient to pay such costs.

(2)  In the case of an estate which is sufficient to pay the costs, it is the duty of the County Clerk to tax the costs and if necessary to issue execution to collect them.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Lawrence Hargrove
Lawrence Hargrove
Assistant Attorney General

LH:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

W. O. Shultz
Martin DeStefano
F. C. Jack Goodman
William H. Pool, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
By Leonard Passmore